FAY, Circuit Judge,
concurring specially:
I concur in the portion of Judge Rosen-baum’s opinion that affirms the following decisions of the trial judge: denying Terri Burkett’s motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b), her challenges to Jury Instruction No. 8 and Jury Instruction No. 9, attorney’s fees, Burkett’s motion in li-mine, and precluding admission of the final judgment of the divorce court, all of which are governed by settled precedent. Judge Rosenbaum’s opinion, however, primarily is devoted to interpreting for this circuit the damages section of the Stored Communications Act (“SCA”), 18 U.S.C. § 2707(c). Because I disagree with her analysis, I write separately.
This case is controlled by Doe v. Chao, 540 U.S. 614, 124 S.Ct. 1204 (2004), and Fanin v. U.S. Dep’t of Veterans Affairs, 572 F.3d 868 (11th Cir.2009). The wording of the SCA damages section is so close to that of the Privacy Act, 5 U.S.C. § 552a(g)(4), I conclude we are bound by the holdings of those cases. No damages are available to one bringing an action under either Act unless actual damages are proved. Actual damages “means pecuniary losses.” Fanin, 572 F.3d at 872. These holdings resolve this case. In my opinion, there is simply no need to delve into legislative history or the analyses of non-binding case law.[1]
The jury decided that, although there were multiple violations of the SCA, there were no damages whatsoever — compensatory or punitive. Jury verdicts are not “overturned unless no rational trier of fact *982 could have reached the same conclusion based upon the evidence in the record.” Nat’l Fire Ins. Co. of Hartford v. Fortune Constr. Co., 320 F.3d 1260, 1267 (11th Cir.2003). “Neither the district courts nor the appellate courts are free to reweigh the evidence and substitute their judgment for that of the jury.” Castle v. Sangamo Weston, Inc., 837 F.2d 1550, 1559 (11th Cir.1988). I would reverse the district judge’s judgment awarding $50,000 in statutory damages to Vista and remand with instructions to reinstate the jury’s verdict and enter judgment accordingly.[2]

. Regarding legislative history, the Doe Court noted relative to the Privacy Act that "[t]hose of us who look to legislative history have been wary about expecting to find reliable interpretive help outside the record of the statute being construed." Doe, 540 U.S. at 626, 124 S.Ct. at 1212 (emphasis added).

. In his order awarding Vista $50,000 in statutory damages, the district judge acknowledged: “The jury’s verdict makes clear that the jury did not believe Vista was entitled to any actual or punitive damages. Indeed, it is entirely unclear how Vista was damaged." Order & J. on Damages at 12 (emphasis added).